IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER ALBERTS                                                            PLAINTIFF

V.                          CASE NOS.  3:19-cv-03084;
                                       3:20-cv-03047

NURSE JODY WOODS, Boone County                                                DEFENDANTS
Detention Center; and DR. ABSALOM TILLEY,
Boone County Detention Center

## MEMORANDUM OPINION AND ORDER

This is a civil rights action filed by Plaintiff Christopher C. Alberts pursuant to 42 U.S.C. § 1983. Mr. Alberts proceeds *pro se* and *in forma pauperis*. The claims in the case arise from Mr. Alberts's pretrial incarceration in the Boone County Detention Center ("BCDC"). He names as Defendants Nurse Jody Woods in her individual capacity and Dr. Absalom Tilley in his individual and official capacities.  Mr. Alberts contends both Defendants were deliberately indifferent to his serious medical needs and denied him appropriate medical care in violation of his Eighth Amendment rights.

On April 6, 2022, the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, issued a Report and Recommendation ("R&R") (Doc. 59) concerning Defendants' Motion for Summary Judgment (Doc. 50).  The R&R recommends denying the Motion and proceeding to trial.  Defendants filed objections to the R&R (Doc. 60), and Mr. Alberts filed a response to Defendants' objections (Doc. 63). Mr. Alberts also filed a document in support of the R&R (Doc. 64), in which he stated that he agreed with the R&R's conclusions but felt compelled to "correct a few facts" he believed were misstated in the R&R.  The Court does not construe either of Mr. Alberts's

1

filings (Docs. 63, 64) as objections to the R&R.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the record *de novo* as to all proposed findings and recommendations to which Defendants have raised objections. Defendants do not object to the Magistrate Judge's recitation of the facts and summary of the detailed medical record. Accordingly, the Court adopts by reference the facts as set forth in the R&R. *See* Doc. 59, pp. 1–8. Defendants generally object to the way the Magistrate Judge characterized the legal arguments in their Motion for Summary Judgment and to the Magistrate Judge's inferences or conclusions drawn from the evidence. Their five specific objections are analyzed below.

## I.  OBJECTIONS

### A.  Nurse Woods Cannot Be Liable for Deliberate Indifference Because of the Nature of Her Professional Training and Licensure

Defendants' first objection is that the Magistrate Judge failed to consider that Nurse Woods—by virtue of her professional training and licensure—lacked the authority to prescribe medication and "dictate the course of [Mr. Alberts's] treatment to the medical staff at Boone County Detention Center for any and all ailments he may have." (Doc. 60, p. 3).  They claim that because she was unable to perform these particular tasks, she could not have violated Mr. Alberts's constitutional rights.

The Amended Complaint does not accuse Nurse Woods of failing to perform tasks she lacked the authority to do in her capacity as registered nurse.  Instead, the Amended Complaint claims Nurse Woods was aware Mr. Alberts was suffering from a variety of serious medical conditions, including blood in his stool and urine, kidney and abdominal pain, broken toes, and other internal injuries, but she refused to provide him with nursing treatment for some, if not all, of these conditions.  The Amended Complaint also alleges

that Nurse Woods failed to administer Mr. Alberts medications that doctors had prescribed to him.  As noted in the R&R: "Other than the [Waiver of Treatment] forms completed by Nurse Woods, there is no evidence of Alberts having been seen by Dr. Tilley or Nurse Woods or having been given any medical treatment except being offered his daily medications." (Doc. 59, p. 15).

Accordingly, the Court agrees with the R&R that genuine, material questions of fact remain as to whether Nurse Woods was deliberately indifferent to Mr. Alberts's serious medical needs while he was housed as a pretrial detainee at the BCDC.  The first objection is therefore **OVERRULED**.

### B.  Mr. Alberts Received Treatment for All Serious Medical Issues

Defendants contend in their next objection that Mr. Alberts received treatment for diabetes, kidney pain, and painful urination at the BCDC, and simply disagreed with the course of his treatment.  Because mere disagreement with a medical professional's recommended treatment does not prove deliberate indifference, Defendants argue the case against them should be dismissed.

The R&R discusses at length Mr. Alberts's diabetes and urinary tract conditions and notes that they were serious medical issues.  However, the Court does not read the R&R as finding that *only* those conditions may be classified as "serious."  The R&R states generally that "[t]here is sufficient evidence in the record from which a reasonable factfinder could find that Alberts had one or more serious medical needs." (Doc. 59, p. 14).  There remain genuine issues of material fact as to whether Defendants were deliberately indifferent to one or more serious medical needs—and, in particular, whether they "denied Alberts medical care simply because he refused to sign a proffered form."

3

(Doc. 59, p. 16). The second objection is therefore **OVERRULED**.

### C. Dr. Tilley's Denial of a Urology Consultation Cannot Show Deliberate Indifference

Next, Defendants contend that Dr. Tilley's decision to refuse to authorize a medical consultation with an outside urologist cannot show deliberate indifference, as this was clearly a treatment decision based on his medical judgment, and differences in opinion on treatment decisions cannot form the basis of a deliberate indifference claim. Further, Defendants object to any inference by the Magistrate Judge that financial considerations, rather than medical ones, motivated Dr. Tilley's decision.

The R&R recounts how in mid-February 2020, Mr. Alberts was temporarily transferred from the BCDC to a nearby facility, the Washington County Detention Center ("WCDC"). While he was at the WCDC, the medical staff there addressed Mr. Alberts's requests for treatment and performed their own medical testing. Since Mr. Alberts was originally Dr. Tilley's/the BCDC's patient, the WCDC nurse reported to Dr. Tilley and sought his approval to provide further specialty treatment to Mr. Alberts. The R&R explains:

> Dr. Tilley was advised that the urinalyses performed [at the WCDC] showed chronic blood in Alberts' urine and the WCDC sought approval of a urology consult. The consultation referral was refused by Dr. Tilley. The WCDC medical provider apparently thought the condition was sufficiently serious that they ordered a urology consult despite Dr. Tilley's denial of financial assistance to pay for the consultation.

(Doc. 59, p. 13 (internal citations omitted)).

In the Court's view, the excerpt above does not indicate that the Magistrate Judge believed Dr. Tilley denied the specialty consultation for financial reasons. Instead, the Magistrate Judge simply noted that the WCDC went forward with the urology consultation

4

over Dr. Tilley's objection.  The undisputed facts show that this consultation took place after two urinalyses performed at the WCDC revealed blood in Mr. Alberts's urine.

The standard to prove deliberate indifference requires "more than negligence, more than even gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013).  As the R&R explains, "deliberate indifference 'can be inferred from facts that demonstrate' the response to the medical need was 'obviously inadequate.'" (Doc. 59, p. 15) (quoting *Barton v. Taber*, 820 F.3d 958, 965 (8th Cir. 2016)).  Here, the evidence of record is limited, for the most part, to the medical documents provided by Defendants.  Mr. Alberts was not deposed.  There do not appear to be any notes in the medical file authored by Dr. Tilley.  There are no intake forms in the medical file, nor is there a booking-related medical questionnaire.  Neither Dr. Tilley nor Nurse Woods was deposed or submitted an affidavit.  As factual questions remain as to the claim of deliberate indifference, the third objection is **OVERRULED**.

**D.  Refusal of Medical Care Forecloses Any Claim of Deliberate Indifference**

Defendants point out that the medical record demonstrates there were multiple occasions when Mr. Alberts refused medical care offered by Nurse Woods.  Defendants reason that since Mr. Alberts refused medical care, he cannot claim that they failed to treat him or were deliberately indifferent to his medical needs.  The Court disagrees.

The medical record contains forms filled out by Nurse Woods indicating that Mr. Alberts sometimes declined medication and other care.  The presence of such forms in the file does not mean the question of deliberate indifference is decided as a matter of law.  The record is also replete with Mr. Alberts's repeated requests for medical care, and

those requests are dated both before and after he allegedly declined medication and treatment. This fourth objection is therefore **OVERRULED**.

### E.  Mr. Alberts Failed to "Meet Proof with Proof"

Defendants' last objection is that summary judgment should be granted to them because Mr. Alberts failed to provide his own documentary proof to support his claims of deliberate indifference. First of all, it is incorrect to claim Mr. Alberts failed to respond to the Motion for Summary Judgment and submit evidence to support his response. *See* Docs. 54, 55, 57. Second, it is not Mr. Alberts's burden to prove Defendants should be denied summary judgment; it is Defendants' burden to prove summary judgment should be granted in their favor. The R&R recommends denying summary judgment and allowing the matter to proceed to trial, and this Court agrees. Accordingly, Defendants' final objection is **OVERRULED**.

### II.  CONCLUSION

Having overruled all objections, **IT IS ORDERED** that the R&R is **ADOPTED IN ITS ENTIRETY** and the Motion for Summary Judgment (Doc. 50) is **DENIED**. A scheduling order will issue setting this matter for a jury trial.

**IT IS SO ORDERED** on this 8th day of September, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE